IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARNOLD RAY REED, ID # 1205652, )<br>    Plaintiff, )<br>vs. )<br> )<br>FROST BANK, et al., )<br>    Defendants. ) | <br><br>No. 3:07-CV-1418-D (BH)<br>ECF<br>Referred to U.S. Magistrate Judge<br> |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff, a state inmate currently incarcerated within the Texas Department of Criminal Justice - Correctional Institutions Division, filed the instant civil action against Frost Bank; Jordan, Houser and Flournoy, L.L.P.; Sandra Riley; and Probate Court No. 2 for alleged violations of trust laws, embezzlement, fraud, and deliberate indifference. He has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court has not issued process in this case.

### II. THREE STRIKES

To proceed in federal court, a litigant must either pay the requisite filing fee or seek leave to proceed *in forma pauperis*. Because plaintiff is a prisoner, any request for leave to proceed *in forma pauperis* by him is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g). That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In short, inmates may not proceed without the prepayment of fees, if they have previously brought three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.

A review of relevant court records indicates that plaintiff's current filing falls under the PLRA "three-strikes" provision. On October 21, 2003, this Court dismissed a prior civil action filed by plaintiff as frivolous and for seeking monetary relief against a defendant who was immune from such relief. *See Reed v. Gaines*, No. 3:03-CV-2092-G (N.D. Tex.). On November 4, 2004, and June 29, 2006, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court dismissed two prior civil actions filed by plaintiff. *See Reed v. Dallas County Sheriff's Dep't*, No. 3:03-CV-2166-R (N.D. Tex.); *Reed v. City of Dallas*, No. 3:05-CV-0004-G (N.D. Tex.). On May 2, 2005, and August 7, 2006, the Fifth Circuit Court of Appeals dismissed two prior appeals filed by plaintiff as frivolous. *See Reed v. Johnson*, No. 04-10700, slip op. (5th Cir. May 2, 2005); *Reed v. Johnson*, No. 05-10948, slip op. (5th Cir. Aug. 7, 2006). As shown by these prior dismissals, plaintiff has accumulated at least three strikes. Consequently, he may not proceed with his current action without the prepayment of fees under 28 U.S.C. § 1915(g) unless he shows that he is subject to imminent danger of serious physical injury. Plaintiff has made no such showing in this action. Because plaintiff is barred by the three

strikes provision from pursuing this action *in forma pauperis* and because he has not paid the filing fee for this action, plaintiff's complaint is subject to summary dismissal.

Based upon plaintiff's litigation history, summary dismissal of the instant action is appropriate. The Fifth Circuit has twice previously informed plaintiff that he may not file civil actions or appeals *in forma pauperis* if he accumulates three strikes unless he is under imminent danger of serious physical injury. This Court has at least twice informed him that certain dismissals would count as a "strike" under 28 U.S.C. § 1915(g). In light of such information, the Court may dismiss the instant action without prejudice to its refiling with advance payment of the full $350.00 filing fee.

### III. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** plaintiff's motion to proceed *in forma pauperis*. It is further **RECOMMENDED** that the Court summarily **DISMISS** this action pursuant to 28 U.S.C. § 1915(g) unless movant pays the $350.00 filing fee prior to acceptance of this recommendation. If the Court dismisses this action, it should **INFORM** plaintiff that, except upon a showing of imminent danger of serious physical injury, he may not re-file this action or commence any other civil action to which the PLRA applies unless he pays the requisite filing fee when he files the action.

**SIGNED this 31st day of August, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE